**[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 104.]**

ALLEN COUNTY BAR ASSOCIATION *v*. WILLIAMS.

[Cite as *Allen Cty. Bar Assn. v. Williams*, 2001-Ohio-160.]

*Attorneys at law—Misconduct—Six-month suspension with entire six months stayed with one-year probation—Dismissal of appeal in criminal case without clients' consent.*

(No. 00-2251—Submitted February 7, 2001—Decided June 13, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-71.

————————————

*Per Curiam*.

{¶ 1} On December 18, 1996, James and Richard Hardin were convicted by the Court of Common Pleas of Hardin County of receiving stolen property, a felony. In addition, James Hardin was found guilty of felony theft. Sentencing took place in February 1997. On March 6, 1997, respondent, Jeffrey G. Williams of Lima, Ohio, Attorney Registration No. 0010085, filed a notice of appeal on their behalf. On the day the appellate brief was due, respondent dismissed their appeal, and the judgments became final.

{¶ 2} On October 15, 1999, relator, Allen County Bar Association, filed a complaint alleging that the Hardins did not give consent to the dismissals and that therefore respondent violated several Disciplinary Rules. Respondent answered, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline ("board").

{¶ 3} Based on stipulations and evidence received at a hearing on September 1, 2000, the panel found that respondent, who had represented the Hardins at their criminal trial, agreed to represent them on appeal. The panel found that respondent dismissed the appeal because after examining the transcript, he

believed that there was no error except one possibly related to venue. Respondent did not raise the venue issue on appeal because he believed that the judge in Auglaize County, where venue might have been proper, would sentence the Hardins to prison, whereas the Hardins' present sentence was probation. Respondent admitted that in seventeen years of practicing law, he had not taken any criminal appeals although he had substantial experience with criminal cases. He also admitted that he was unaware that under Ohio law, by using what is known as an "Anders brief," he could have submitted a request to the appellate court that it inspect the trial record for any appellate issues.

{¶ 4} The respondent claimed that he had advised the Hardins that he would dismiss the case if he found that there was no error to support the appeal and that the Hardins consented. However, the Hardins claimed that respondent dismissed the appeal without their permission. The panel found that although respondent may have made some effort to advise the Hardins that the appeal would be dismissed, that effort was inadequate and ineffective.

{¶ 5} The panel concluded that respondent's conduct violated DR 6-101(A)(2) (handling a legal matter without preparation adequate in the circumstances), 7-101(A)(1) (failing to seek the lawful objectives of the client by reasonable means), and 7-101(A)(2) (failing to carry out a contract for professional services).

{¶ 6} The panel noted in mitigation that respondent cooperated with the relator and regretted his actions. It also found that the Hardins did not pay respondent in full for his trial work and that the $1,000 the Hardins paid respondent to pursue their appeal covered costs of transcripts and filing fees but no appellate attorney fees. In addition, the panel noted that respondent had previously received a public reprimand from this court. *Disciplinary Counsel v. Williams* (1990), 51 Ohio St.3d 36, 553 N.E.2d 1082.

**{¶ 7}** The panel recommended that respondent be suspended from the practice of law for six months with the entire six months stayed. Respondent would be placed on probation for one year, during which time he would complete six hours of continuing legal education regarding client communication, office management, and billing, and during probation, he would cooperate fully with a mentor appointed by relator to ensure that respondent uses adequate procedures to communicate with his clients and keeps them well informed about their cases. The board adopted the findings, conclusions, and recommendation of the panel.

**{¶ 8}** After review of the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for six months with the entire six months stayed. Further, respondent is hereby placed on probation for one year during which time he shall complete six hours of continuing legal education regarding client communication, office management, and billing. During his probation he shall also cooperate fully with a monitoring attorney appointed by relator to ensure that he uses adequate procedures to communicate with his clients and keeps them well informed about their cases. Failure to meet the terms of this probation will result in the imposition of the actual suspension. Costs are taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., dissents.

————————————

**MOYER, C.J., dissenting.**

**{¶ 9}** I would suspend respondent for six months and not stay the suspension.

————————————

*Jerry O. Pitts* and *John C. Keenehan,* for relator.

*Richard T. Reese,* for respondent.

————————————